IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| XEROX STATE & LOCAL SOLUTIONS, INC. f/k/a ACS STATE & LOCAL SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF ROWLETT, <br><br> Defendant. | § § § § § § § § § § § § | No. |

## PLAINTIFF'S ORIGINAL COMPLAINT

Xerox State & Local Solutions, Inc., f/k/a ACS State & Local Solutions, Inc., hereinafter "Plaintiff," for cause of action against the City of Rowlett, Texas ("Defendant"), files and serves this, its Original Petition complaining of the Defendant, and for cause of action would show this Court:

### PARTIES

1. Plaintiff is a foreign corporation having been incorporated under the laws of the State of New York and having its principle place of business in Virginia.

2. The City of Rowlett is a Texas municipality located primarily in Dallas County, Texas. The City of Rowlett can be served with Citation by serving its Mayor, Todd W. Gotel, or its Secretary, Laura Hallmark at 4000 Main St. Rowlett, Texas 75088 or wherever they may be found. Service will initially be attempted pursuant to FED. R. CIV. P. 4(d) so no summons is necessary at this time.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. 1332 as the parties are from different states and the amount in controversy is in excess of $75,000.

4. Venue is proper, because most if not all of the relevant events occurred within Dallas County, Texas which is located within this District. Furthermore, the contract made the basis for suit provides that any legal action between the parties be brought in a state or federal court in Dallas County, Texas.[1]

## BACKGROUND

5. On December 7, 2004, Plaintiff and Defendant (collectively the "Parties") entered into an Agreement for Management of the Digital Automated Red Light Enforcement Program (the "Agreement").[2]

6. The Agreement[3] provided, in very broad summary, that Plaintiff would install, maintain, and handle the billing for several red-light cameras at several pre-described intersections in Rowlett, Texas. For their services, the Agreement further set out how and when Plaintiff was to receive payment for its services.

7. On or about August 28, 2006 the Agreement was amended to include some additional services to be provided by the Plaintiff, and additional compensation to be paid by the Defendant for those services.

8. On or about January 15, 2008, the Agreement was again amended to address additional changes in services being provided by the Plaintiff, and additional compensation to be provided by the Plaintiff.

9. The Agreement, under the terms of Amendment II, §4.01, terminated on March 10, 2013.

---

[1] *See* Agreement, p. 14, § 16.6.
[2] *See* Agreement and its two amendments, attached.
[3] Unless otherwise specified, "Agreement" includes the initial contract and its two amendments.

10. Under the terms of the Agreement, at the termination of the Agreement, there was to be a final reconciliation for the amounts potentially due under the life of the Agreement.

11. The final reconciliation resulted in a net amount due to Plaintiff in the amount of $133,656.80, with that amount including $106,031.80 for the original five intersections, and additional $27,625 due for additional intersections.

12. Defendant has not made payment for the amounts due under the Agreement as stated immediately above.

## BREACH OF CONTRACT

13. Plaintiff incorporates Paragraphs 1 through 12 above herein as if set forth in full herein.

14. Plaintiff performed in full its duties and obligations under the Agreement and met all conditions precedent to the filing of this suit, including, but not limited to conducting a final accounting of all credits and debits under the Agreement.

15. Plaintiff sent to Defendant its final accounting as further referenced above, the same indicating an amount due to the Plaintiff of $133,656.80.

16. Defendant had a duty to make final payment for amounts due under the Agreement in the amount of $133,656.80.

17. After being placed on notice of the amounts due as further detained immediately above, Defendant failed to pay the amount due.

18. Since being placed on notice of the final amount due under the Agreement, Plaintiff has demanded payments as due.

19. Defendant has failed to pay the final amounts due as detailed further above, and is wholly in breach of the Agreement.

20. As a result of Defendant's breach of the Agreement, Plaintiff has been damaged in the amount of at least $133.656.80.

### RIGHT TO RECOVER ATTORNEY'S FEES AND COSTS

21. Plaintiff incorporates Paragraphs 1 through 20 above herein as if set forth in full herein.

22. As a result of Defendant's failure to make payment under the Agreement resulting in a breach of contract, Plaintiff has retained the services of The Willis Law Group.

23. The Willis Laws Group, on behalf of the Plaintiff, has made demand for payment under the Agreement.

24. Under TEX. CIV. PRAC. & REM. CODE § 38.001, *et seq*, after demand, Plaintiff is entitled to recover its reasonable attorney's fees and costs associated with Defendant's breach of contract.

WHEREFORE, Xerox State & Local Solutions, Inc. prays that after trial on the merits, Plaintiff recovers from the City of Rowlett the amount of $133.656.80 together with its attorneys fees and costs and pre-and post-judgment interest, and for all other relief to which Plaintiff is entitled.

Respectfully submitted,

THE WILLIS LAW GROUP

*/s/ Lorin M. Subar*
KIRK D. WILLIS
State Bar No. 21648500
kwillis@thewillislawgroup.com
LORIN M. SUBAR
State Bar No. 19456800
lsubar@thewillislawgroup.com
10440 N. Central Expressway, Suite 520
Dallas, Texas 75231
Telephone: (214) 736-9433
Facsimile: (214) 736-9994
ATTORNEYS FOR PLAINTIFF